## JENNIE ENGEBRETSON v. ALBERT BREMER.[1]

January 22, 1915.

Nos. 18,950—(178).

**Vicious animal — evidence — damages.**

Plaintiff sustained personal injuries from an attack by a cow belónging to defendant. It is *held:*

(1) The evidence was sufficient to justify the jury in finding that the animal was vicious, that defendant had prior knowledge of her character, and that he ought not to have allowed her to run at large in a pasture which with his knowledge and consent was constantly traveled by the children of neighbors and others.

(2) Plaintiff was not a trespasser, and defendant owed her the duty to see that a vicious animal was not allowed to run at large in the pasture.

(3) The evidence justified the jury in finding that plaintiff was not guilty of contributory negligence.

(4) The damages, as reduced, are not excessive.

Action in the district court for Becker county to recover $10,450 for injuries caused by the attack of a vicious cow. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff for $2,250. Defendant's motion for judgment notwith-

[1] Reported in 150 N. W. 897.

Note.—Upon the liability for injuries inflicted by domestic animals other than dogs, see note in 2 L.R.A.(N.S.) 1188.

For evidence as to disposition of animal prior to injury, see note in 32 L.R.A. (N.S.) 1159.

standing the verdict was denied, and his motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $1,500. From the order denying the motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Johnston & Dennis,* for appellant.

*J. J. Daly,* for respondent.

BUNN, J.

This action is to recover for injuries received by plaintiff, a young woman, in an attack upon her by a cow belonging to defendant. There was a verdict for plaintiff, and defendant appeals from an order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Defendant insists here that the evidence did not warrant the jury in finding defendant liable; the claims in this regard are: First, that there was no proof that the animal was to the knowledge of defendant of so vicious a disposition as to make it his duty to get rid of or more closely confine her; second, that he did not owe any such duty to plaintiff; third, that plaintiff was guilty of contributory negligence. It is also argued that the damages are excessive.

The facts which the evidence proved or tended to prove are as follows:

Defendant is a farmer owning and occupying a farm of some 140 acres in Becker county. Plaintiff is the daughter of a neighboring farmer whose home is about a mile from that of defendant. Their farms adjoin each other and the public highway leading from the village of Frazee passes both, but, as the houses are set back some distance from the highway, the distance between them is considerably reduced by crossing the fields of plaintiff and defendant. The children of plaintiff and defendant were accustomed to visit back and forth, and to cross these fields instead of taking the highway. A lane led from defendant's dooryard to a field used as a pasture. In this pasture defendant kept his stock, including the cow whose conduct is in question here. There was an ice-house in this pasture from which one Eaton in the summer delivered to his customers ice

which was cut in the winter and stored in the house. This was under an arrangement with defendant. In distributing the ice to his customers Eaton's men reached the ice-house from the highway by driving through defendant's farmyard, and the lane before mentioned, then through a gate leading into the pasture and along a road that leads to the ice-house, which stands unenclosed in the pasture. The men used this road each day. There was some use of the pasture by hunters. There was a more or less well-defined footpath leading across plaintiff's and defendant's fields between the two houses.

On September 3, 1912, plaintiff crossed the fields between her father's house and defendant's on the footpath and road above mentioned, purchased some eggs, and began her return journey by the same route. As she came near the ice-house, using the road made by the iceman, the cow attacked her, knocked her down and caused the injuries complained of.

The evidence bearing on the character of the animal and defendant's knowledge thereof may be summarized as follows: It was raised from a calf by defendant, and owned by him at all times thereafter. Defendant admitted that he was told a year before plaintiff was hurt that the cow was cross and had attacked a man, and that he "thought maybe it was so," and dehorned the animal, but still allowed her to run at large in the pasture. A neighboring farmer testified to two attacks on him by the cow a year before, one of which he escaped by climbing a fence and the other by a counter attack with a club. Another witness was a hunter who was forced to take to the fence to avoid the enraged animal. Another witness testified to having told defendant of the cow's attacking still another man, and to advising him to get rid of her. There was also some testimony of the bad reputation of the animal. We have stated enough of the evidence to show that the questions of the vicious character of the cow, and defendant's knowledge thereof, were for the jury, and the evidence such as not to justify our interference with their verdict. Our experience with vicious members of the bovine family has been largely confined to the male members thereof, but it does not enable us to say that a jury of farmers is wrong

when it decides, on such evidence as this record presents, that the gentler sex may occasionally inherit or develop vicious tendencies. The result in this case may be hard on the defendant, but he was warned in time, as he admits, and plaintiff cannot be deprived of a remedy because of the hardship on defendant.

Plaintiff was clearly not a trespasser. The field used as a pasture was, with defendant's knowledge and consent, traveled daily by the iceman, often by the children of the two families, and more or less by hunters and fishermen. We think it must be held that defendant owed to plaintiff the duty to see that a vicious animal was not allowed to run at large in the pasture.

Plaintiff was not guilty of contributory negligence as a matter of law, nor can we say that the verdict is against the evidence on this point. She did not know the character of this cow, had not met it on her previous trips. It is not negligence *per se* to cross a field where cattle are pastured, unless there is knowledge that among them is an animal which is likely to make an unprovoked attack.

Some claim is made that plaintiff's injuries were aggravated by her failure to have proper care and treatment after the accident and that the damages are excessive. This feature of the case was amply covered in the charge to the jury, as well as by the court's liberal reduction of the verdict rendered. We think that the damages, as reduced by the trial court, are not excessive.

Order affirmed.